By the Court.-
*

The act of 1766, appointing a method of distributing intestates’ estates, was intended to produce the most perfect equality amongst the children, with respect to the distribution of their intestate father’s estate. With this view, the material parts of the statutes of 22 & 23 Car. 2, and 1 Jac. 2, are incorporated into it: Whatever construction, therefore, is correct, in relation to those statutes, must be so with respect to this act, which has taken them for its basis, and which has even literally followed such of their provisions as affect this case. The law declares that no child who hath received an advancement (except the heir at law) of an equal value with a distributive share, shall have any part of the surplus with their brothers or sisters : but if the estates so given them are not equal to the other shares, the children so advanced shall have so much as will make them equal. This act entitled the widow to a fixed proportion of the estate, not liable to be varied by the number of children, though it was increased if there were none. To make the children’s shares equal with each other, was the design of the law ; but to make the widow equal with the children, though it might happen in some cases, formed no part of the policy of the act. It has therefore been properly decided, that a widow can derive no benefit from an advancement, which is brought into hotchpot. But the act of 1784 extends to the widow that principle of equality which was before confined to the *364 children, and in all cases where there are two or more, she is equally entitled to the personalty with them. This is evident from the law using the expression " a child’s part,” which, ex vi termini, imports as large a share as any child has. Now if an advancement were brought in for the benefit of the children, to the exclusion of the widow, this act, made to improve her condition, would, in many instances, have a contrary effect; because, instead of the third, to which formerly she had a certain claim, her proportion must depend upon the number of claimants. The exception therefore ought not to prevail.
Report confirmed.

 Judge Hall gave no opinion having been of counsel in the cause.